UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-0756-CR-GRAHAM

18 USC 2422(b)

MAGISTRATE JUDGE
TURNOFF

UNITED STATES OF AMERICA

v.

EDUARDO ALVAREZ

_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about August 2, 2001, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDUARDO ALVAREZ,**

did knowingly and intentionally by means of a facility of interstate commerce, that is, by computer via the Internet, attempt to persuade, induce, entice and coerce a person who has not attained the age of 18 years to engage in sexual activity for

which any person can be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
MICHAEL BROWN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-0756 CR-GRAHAM
MAGISTRATE JUDGE TURNOFF

UNITED STATES OF AMERICA

v.

EDUARDO ALVAREZ

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**

New Defendant(s)        Yes ___  No ___
Number of New Defendants    ___
Total number of counts      ___

**Court Division:** (Select One)

X   Miami      ___ Key West
___ FTL       ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) NO
   List language and/or dialect  ENGLISH

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                      (Check only one)

   I    0 to 5 days       X___      Petty      ___
   II   6 to 10 days      ___       Minor      ___
   III  11 to 20 days     ___       Misdem.    ___
   IV   21 to 60 days     ___       Felony     X___
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) YES
   If yes:
   Magistrate Case No.  01-3283-BROWN
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 8/2/01
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes _X_ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

MICHAEL L. BROWN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500468

*Penalty Sheet(s) attached                                                  REV.6/27/00

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

01-0756CR-GRAHAM

MAGISTRATE JUDGE
TURNOFF

Defendant's Name: EDUARDO ALVAREZ     No.: _____

Count #: I

Title 18, United States Code, Section 2422(b)

USING INTERSTATE FACILITY TO ENTICE A MINOR

*Max. Penalty: 15 Years' Imprisonment
Count #:

*Max Penalty:
Count # :

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

01 0756 CR-GRAHAM

MAGISTRATE JUDGE
TURNOFF

INDICTMENT NO. 0004-MCN-326

UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA _____ Division

THE UNITED STATES OF AMERICA

vs.

EDUARDO ALVAREZ

## INDICTMENT

18 USC 2422(b)

A true bill.

_____ Foreman
FGJ 00-04 (MIA)

Filed in open court this _____ day,
of _August_ A.D. 2001

_____ Clerk
Deputy

Bail, $ _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-3283-BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDUARDO ALVAREZ,

    Defendant.

_____/



FILED by _____ D.C.
MAG. SEC.
AUG 13 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## **DETENTION ORDER**

Pursuant to 18 U.S.C. section 3142(f), a hearing was held on August 8, 2001 to determine whether the Defendant, Eduardo Alvarez, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is ORDERED that Eduardo Alvarez be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

(1) The Defendant is charged with attempting to induce an individual under the age of 18 years to engage in a sexual activity.

(2) The weight of the evidence is substantial. The government proffered that the Defendant initiated an electronic communication in an internet chat room with a Secret Service agent who identified himself as "Amy 13 Miami," a 13 year old female. The Defendant then began a conversation containing explicit sexual references. During the chat, "Amy" agreed to meet the Defendant. The Defendant went to the agreed meeting site where he was arrested. According to the affidavit in support of the complaint filed in this case, the Defendant identified himself as the person

in the conversation, and stated that he believed that "Amy" was a 13 year old female. The affidavit also states that the Defendant admitted that he agreed to meet "Amy" at the location and that "if she looked physically older than 13-years-old, he would have had sex with her."

(3) The Court specifically finds that there are no conditions or combination of conditions which would reasonably assure the safety of any other person and the community. 18 U.S.C. section 3142(e).

(4) Based upon the above findings of fact, which are supported by clear and convincing evidence, this Court finds that the Defendant poses a danger to the community.

Accordingly, the Court hereby directs:

1. That the Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel, and

3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this 13th day of August, 2001.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE

cc: Harry Wallace, AUSA
    William Thomas, AFPD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-3283-BROWN

FILED by _____ D.C.
MAG. SEC.

AUG 8 - 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    **ORDER OF DETENTION**

EDUARDO ALVAREZ

    Defendant.

_____

    Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f). At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record. It is thereupon

    **ORDERED AND ADJUDGED** as follows:

    1. The Defendant _above named_ shall be detained pending trial, _as a danger to the community_ in this case for the reasons stated on the record by the Court.

    2. A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

    **DONE AND ORDERED** in Miami, Florida this ___8th___ day of ___AUGUST___, 2001.

TAPE NO. 01H-32-3515
            33-1

                           ROBERT L. DUBE'
                           UNITED STATES MAGISTRATE JUDGE

c: AUSA - Harry Wallace
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:01-3283-BROWN

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

EDUARDO ALVAREZ,

   Defendant.

_____/

**NIGHT BOX FILED**
AUG - 7 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### DEFENDANT'S INVOCATION OF RIGHT TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction, appeals or other post-trial proceedings.

The defendant requests that the U. S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or



CASE NUMBER 01-3283-STB

INTERPRETER REQUIRED IN CASE

FOREIGN LANGUAGE Spanish

DEFENDANT(S) EDUARDO ALVAREZ

c: COURT INTERPERTER SUPERVISOR

koia.

UNITED STATES DISTRICT COURT
SOUNTHERN DISTRICT OF FLORIDA
CASE NO. 01-3283-STB

UNITED STATES OF AMERICA

         Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language Spanish
Tape No. 01D-74-400
AUSA _____
Agent USSS-DEVINE

v.

EDUARDO ALVAREZ

         Defendant.

DOB: 7-24-68    Reg# 67634-004

_____/

    The above-named defendant having been arrested on ___8-2-01___ having appeared before the court for initial appearance on ___8-3-01___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:
1. _____ appeared as permanent/temporary counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
2. AFPD - William Thomas appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2001.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am 8/17, 2001.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am 8/8, 2001.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows: ___ times a week by phone, ___ time a week in person;
    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

Page 1 of 2



## EDUARDO ALVAREZ

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

   If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at Miami, Florida, this __3RD__ day of __AUGUST__ 2001.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-3283-SDB

**UNITED STATES OF AMERICA**

v.

**EDUARDO ALVAREZ**

  **Defendants**



**CRIMINAL COVER SHEET**

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ___ Yes  **X** No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?  ___ Yes  **X** No

  Respectfully submitted,

  GUY A. LEWIS
  UNITED STATES ATTORNEY

BY: _____
  Michael L. Brown
  ASSISTANT UNITED STATES ATTORNEY
  Court Number A5500468
  99 N. E. 4th Street
  Miami, Florida  33132-2111
  TEL (305) 961-9161
  FAX (305) 536-7976



# United States District Court

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

EDUARDO ALVAREZ

CRIMINAL COMPLAINT

CASE NUMBER: 01 - 3283 - STB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 2, 2001, in Miami-Dade County, in the Southern District of Florida, the defendant attempted to use the mail or any facility or means of interstate or foreign commerce of the United States to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in a sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

STAN CROWDER, SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn to before me, and subscribed in my presence,

AUGUST 3, 2001                               at    Miami, Florida
Date                                                City and State

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer

## AFFIDAVIT

Sign by W. Crowder

I, ~~Timothy R. Devine~~, being first duly sworn upon oath, do hereby depose and state as follows:

1. I am a Special Agent of the United States Secret Service (USSS) and have been so employed for approximately one year. I am currently assigned to the Miami Field Office of the USSS. My duties include the investigation of access device fraud, computer fraud violations, and other criminal matters. I submit this affidavit based upon information known to me personally from investigation, as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2. This is investigation is part of an undercover operation that was initiated by the High Technology Violent Crimes Task Force of the United States Secret Service. I have participated in this investigation, spoken with other law enforcement agents, and have reviewed documents and transcripts of Internet communications related to this investigation. Because this affidavit is being submitted for a limited purpose of establishing probable cause, I have not included ever aspect, fact, or detail of this investigation.

3. I know from my training and experience that "Yahoo" Internet Relay Chat is a computer program that permits individuals with access to the Internet to electronically communicate with each other in real time ("chats"). Users of this program choose names with which to identify themselves ("nicknames" or "screen names") during communications with other users.

4. On August 2, 2001, at approximately 5:40 p.m., an Agent of the United States Secret Service was signed onto the Yahoo Internet Relay Chat on a computer at our Miami Field Office, using the female undercover name "Amy13miami." "Amy13miami" entered the "Miami Room" of the Yahoo Internet Relay Chat and was contacted by an individual with the username "Eaglez2." The individual with the username "Eaglez2" initiated a private chat, or electronic communication, with "Amy13miami." During the chat session, the Agent identified "Amy13miami" as a 13-year-old female. "Eaglez2" stated he was 33-year-old Cuban male. At the start of the conversation, "Eaglez2" asked "Amy13Miami" if she liked sex. He then stated that he would like to teach "Amy13miami" about sex. "Eaglez2" described his penis size and asked "Amy13Miami" when she would meet with him. He stated that he wanted "Amy13miami"

to perform oral sex on him, that he would provide her alcohol, and that they could go to his home or go to a motel. "Amy13miami" arranged to meet "Eaglez2" at 8:30 p.m. in the Las Brisas Housing Complex, located at the corner of NW 114th Avenue and NW 58th Street, Miami. "Amy13miami" told "Eaglez2" to take the first right when entering "Las Brisas" and that she would meet him in the area where the new houses were being built.

5. At 7:50 p.m. that night, Agents of this service instituted surveillance at the Las Brisas Housing complex. An agent of this service, acting in an undercover capacity as "Amy13miami," was positioned in the area where the new houses were being built. At approximately 8:10 p.m., a black Toyota Corolla enter the Las Brisas Housing complex, turned towards the area where the new houses were being built, and drove towards the undercover agent posing as "Amy13miami." Agents approached the vehicle, identified themselves, and detained the driver. The subject, identified as Eduardo Alvarez, stated he was the individual who identified himself as "Eaglez2" on "Yahoo" Internet Relay Chat.

6. Alvarez, was interviewed later that night. Prior to questioning, Alvarez was advised of his Miranda Rights, which he waived verbally and in writing. Alvarez stated that on August 2, 2001, he initiated contact on "Yahoo" Internet Relay Chat with "Amy13miami" via private chat and believed she was a 13-year-old female. Alvarez stated he initiated a sexually explicit conversation with "Amy13miami." He further stated he had agreed to meet "Amy13miami" at the Las Brisas Housing complex and, if she looked physically older than 13-years-old, he would have had sex with her.

AFFIANT SAYETH NAUGHT

_____
SPECIAL AGENT STAN CROWDER
UNITED STATES SECRET SERVICE

SWORN TO BEFORE ME THIS
3RD DAY OF AUGUST, 2001

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE



UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA ) Case Number: CR 01-3283-BROWN
            Plaintiff       )
                            ) REPORT COMMENCING CRIMINAL
     -vs-                   )          ACTION
                            )
     Eduardo Alvarez        )    67634-004
            Defendant       )

*************************************************************
TO: Clerk's Office  (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
    U.S. District Court       (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE --
*************************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1) Date and Time of Arrest: 08/02/01        8:05      am/(pm)

(2) Language Spoken: Spanish/English

(3) Offense(s) Charged: 18 USC 2422 - Enticing & Coercion of Minor

(4) U.S. Citizen  [ ] Yes   [X] No   [ ] Unknown

(5) Date of Birth: 07/24/68

(6) Type of Charging Document:  (Check one)
    [ ] Indictment   [X] Complaint  To be filed/Already filed
        Case #_____
    [ ] Bench Warrant for Failure to Appear
    [ ] Probation Violation Warrant
    [ ] Parole Violation Warrant

    Originating District: SN/FL

    COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES  [ ] NO

Amount of Bond: $_____
Who set Bond: _____

(7) Remarks: _____

(8) Date: 08/02/01      (9) Arresting Officer: Devine

employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY: _____
William L. Thomas
Assistant Federal Public Defender
Florida Bar No.043923
150 West Flagler Street, Suite 1500
Miami, Florida 33130-1555
Tel: 305-536-6900
Fax: 305-530-7120

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has been served via U.S. Mail upon the United States Attorney's Office, 99 N. E. 4th Street, Miami, Florida 33132-2111, this ___ day of August, 2001.

_____
William L. Thomas